# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

JARVIS AUGUSTUS WARE,

    Plaintiff

VS.

Lieutenant LANEY, Warden CYNTHIA NELSON, and GDOC Commissioner JAMES DONALD,

    Defendants

NO. 1:07-CV-129 (WLS)

**RECOMMENDATION**

Plaintiff **JARVIS AUGUSTUS WARE**, an inmate at Autry State Prison ("Autry") in Pelham, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the above defendants.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that on November 18, 2006, he was attacked by four Level III Mental Health inmates at Autry. According to plaintiff, the inmates assaulted him with master locks on belts and hit plaintiff on his head and back. Prior to the attack, plaintiff alleges he reported to defendant Lieutenant Laney that the inmates had been threatening plaintiff and that plaintiff was in danger, but Laney "took no action."

In addition to Lieutenant Laney, plaintiff sues James Donald, Commissioner of the Georgia Department of Corrections ("GDOC"), and Cynthia Nelson, Warden of Autry State Prison. Plaintiff alleges that Donald and Nelson failed to act upon plaintiff's grievances relating to the November

2

18th attack. Plaintiff further alleges that, notwithstanding Nelson's prior notice of inmate-on-inmate violence at Autry, Nelson failed to prevent the November 18th attack. Finally, plaintiff alleges that Donald, "chief executive in charge of [over]seeing all state prisons," failed to properly train and supervise Nelson.

As relief, plaintiff seeks $50,000 in damages from each defendant.[1]

## III. DISCUSSION

### A. *Grievance Claim*

To the extent plaintiff complains that his institutional grievances were not handled properly by Donald, Nelson, or other prison officials, the Eleventh Circuit Court of Appeals has held, "We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." ***Dunn v. Martin***, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); ***see also Baker v. Rexroad***, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Therefore, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under section 1983. Accordingly, the undersigned **RECOMMENDS** that this claim be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order and recommendation.

### B. *Respondeat Superior*

---

[1] Plaintiff's requested relief in the form of transfer to another prison is unavailable in this action as an inmate has no constitutional right of transfer. ***Meachum v. Fano***, 427 U.S. 215, 225 (1976).

3

Plaintiff alleges that GDOC Commissioner James Donald failed to train and supervise Nelson, but does not connect Donald with plaintiff's assault.

A plaintiff cannot prevail under section 1983 based solely on a theory of respondeat superior. *Hardin v. Hayes*, 957 F.2d 843, 849 (11th Cir. 1990); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). In order to prevail on a section 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitution deprivation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). The plaintiff must also allege that there is an ordinance, policy, or practice that is the "moving force" behind the alleged deprivation of rights by individual employees in their official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir. 1989).

Plaintiff has not alleged that Donald was actually involved in, or exercised control or direction over, the alleged constitutional deprivations in this case. Although plaintiff alleges in summary fashion that Donald "approves or disapproves [of] rules and standard operating procedure," he cites no such specific policy that contributed to his injuries.

In light of the above, it is **RECOMMENDED** that James Donald be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order and recommendation.

### C. Failure to Protect

A prison official can be liable to a prisoner for exhibiting deliberate indifference to a known danger. ***Brown v. Hughes***, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. ***Edwards v. Gilbert***, 867 F.2d 1271, 1276 (11th Cir. 1989). The prisoner must show that he was subjected to a substantial risk of serious harm, and that the prison officials knew of and disregarded an excessive risk to his safety. *See **Farmer v. Brennan***, 511 U.S. 825, 114 S. Ct. 1970, 1977-79; 128 L.Ed.2d 811 (1994).

According to plaintiff, prior to the November 18th assault, he warned Laney "of a possible attack." Plaintiff has further alleged that Nelson had notice of previous inmate-on-inmate violence at Autry. Although plaintiff's allegations are general, at this stage of the litigation, the Court finds them sufficient to withstand frivolity review and will allow this claim to go forward against Laney and Nelson.

## IV. CONCLUSION

In a separate order, the undersigned has directed that plaintiff's failure to protect claim against defendants Lieutenant Laney and Warden Cynthia Nelson be served on said defendants. The undersigned **RECOMMENDS** that all other claims and defendant GDOC Commissioner James Donald be **DISMISSED** from this action.

**SO RECOMMENDED**, this 21st day of September, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE