**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **JARVIS AUGUSTUS WARE** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE** |
| **VS.** : | **NO. 1:07-CV-129 (WLS)** |
| : | |
| **LT. LANEY, et al.,** : | |
| : | |
| **Defendants.** : | |

**RECOMMENDATION**

This is a § 1983 action maintained by a state of Georgia prisoner who alleges that he was attacked by four mental health inmates at Autry State Prison. Named as defendants are Lt Laney, the shift supervisor that plaintiff maintains he told of the attack before it occurred and Cynthia Nelson, the then Warden of the prison. Defendants have filed a motion to dismiss the complaint in which they allege that plaintiff has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") prior to seeking relief in federal court (Docs. # 11, 13, 17, 19). On December 4, 2007, the court gave plaintiff notice of the filing of the motion and directed that any response he might want to file in opposition thereto be filed within thirty days of that date (Doc. # 12). Because the motion relied upon matters outside the pleadings, specifically the affidavit of Sandra Butler, (Doc. # 11-3), interim manager of the Inmate Affairs and Appeals Unit for the Georgia Department of Corrections, the court converted the motion to one for summary judgment. Plaintiff filed his response to the motion more that six months late on July 7, 2007 (Doc. # 18).

Section 1997e(a) of the PLRA requires that:

No action shall be brought with respect to prison conditions under

> section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Georgia Department of Corrections has a statewide grievance procedure that requires an appeal from the Warden's adverse decision before exhaustion occurs. A failure to exhaust available administrative remedies requires dismissal of the complaint if raised. Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983 (2002), Booth v. Churner 532 U.S. 731, 121 S. Ct. 1819 (2001). As earlier noted defendants have filed the affidavit of the interim Manager of the Inmate Affairs and Appeals Unit for the Georgia Department of Corrections, who has as part of her duties ensuring that the grievance appeal procedure is properly complaied with (Doc. # 11-3, ¶ 5). A review of plaintiff's grievance history reveals that he has appealed only one grievance, which deaalt with his denial to yard call and had nothing to do with the subject matter of his lawsuit (Doc. # 11-3, ¶ 16). Plaintiff has failed to exhaust his available administrative remedies prior to filing suit which mandates its dismissal. **IT IS SO RECOMMENDED**.

On June 20, 2008, the Court of Appeals for the Eleventh Circuit decided Bryant v. Rich, 22008 WL 2469405 (C.A. 11 (Ga.)) which held that exhaustion of administrative remedies is a matter in abatement and ordinarily does not deal with the merits. The court concluded that in deciding a motion to dismiss for failure to exhaust nonjudicial remedies the court may look beyond the pleadings and decide disputed issues of fact, so long as the court does not resolve disputed factual issues that address the merits of the claim. Therefore, it will not be necessary in the future to convert motions to dismiss into motions for summary judgment if they include an affidavit aregarding exhaustion of remedies. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States

District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 15th day of July 2008.

                                             */s/ Richard L. Hodge*
                                             RICHARD L. HODGE
                                             UNITED STATES MAGISTRATE JUDGE